LIBBIE STEPHENSON, *Appellee*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

No. 16,484.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Allegations of Petition—Evidence—No Variance.* A member of the crew engaged in operating a pile driver, in the employ of a railway company, was killed by being crushed between two cars, while engaged in unfastening a clamp which bound one of them to the rail. In an action against the company by his widow the jury found upon sufficient evidence that while he was at work between the cars another workman, who had unfastened a similar clamp on the other side of the car, negligently signaled for the rest of the train to be coupled to this car. *Held*, that a new trial is not required (1) by the fact that the petition, in charging the defendant with negligence in causing the coupling to be made while the deceased was still at work between the cars, named as the employees responsible therefor the engineer, fireman, conductor, brakeman, and foreman, and did not mention the employee who was found to have been directly at fault; nor (2) by the fact that the jury also found that the engineer, conductor and foreman were negligent in being absent from their respective posts of duty.

Appeal from Miami district court. Opinion filed November 11, 1911. Affirmed.

*John Madden*, and *W. W. Brown*, for the appellant.

*Fred M. Harris, W. J. Costigan*, and *Frank M. Sheridan*, for the appellee.

The opinion of the court was delivered by

MASON, J.: Henry S. Stephenson was killed while in the employ of the Missouri, Kansas & Texas Railway Company. His widow recovered a judgment against the company, from which it appeals.

There was evidence tending to show these facts: Stephenson was one of the crew operating a piledriving train. Two cars, known as the tool car and the piling car (a flat car loaded with piles), were separated from the others, and the tool car was fastened to the track by two chains attached to it at the end next to the piling car, each of which was clamped to the corresponding rail. When it became necessary to move these cars the clamps were unfastened from the rails and hung upon two iron bars or spikes, called drift bolts, which projected some eight or nine inches from the end of the tool car. Nearly opposite one of these bars a timber on the piling car projected so far that when the two cars were forced together the end of the bar and the end of the timber came so close to each other that there was not room for a man to stand between them. It was a part of Stephenson's duties to fasten and unfasten one of these clamps. On the day of his death the cars had to be moved to make way for a passing train. By the plan of operation the clamps should have been unfastened and hung to the bars and a signal passed to the engineer that all was ready, and then, and not until then, the engine and the cars to which it was attached should have been moved against the tool car so as to be coupled to it. Stephenson was handling the clamp on the side of the car where the timber projected opposite to the bar. He unfastened the clamp, but before he had succeeded in hanging it in place the man who was handling the other clamp, and

who is referred to as a "clampman," gave the word that all was in readiness. The signal was passed to the workman in control of the engine, the train was moved against the tool car, forcing it against the piling car, and Stephenson was caught between the bar and timber and killed.

A motion to make the petition more definite and certain, and to strike out certain portions of it, was denied, and the ruling is assigned as error. The petition covered a great deal of ground, and its allegations were quite general. The trial would perhaps have been facilitated if the issues could have been more sharply defined in the pleadings, but as it does not appear that any substantial prejudice resulted to the defendant from their lack of clear definition, all the facts having been fully developed, we can not say that material error was committed in this regard.

The defendant maintains that the evidence had no tendency to show that Stephenson's death resulted from any negligence of the company's employees, but, on the other hand, conclusively established that it was due to his own failure to exercise reasonable care. The workman who gave the word that all was ready testified, in substance, that before he did so Stephenson reported to him, saying he was all right, indicating that he had completed the work on his side and that everything was in readiness there. The jury, however, expressly found that this testimony was untrue, and that in fact the witness gave the word without having received any report from Stephenson, and before Stephenson had finished his work. The entire testimony of this witness, viewed in the light of the surrounding circumstances, made it a fair matter for the determination of the jury whether in fact he negligently gave the signal too soon, while Stephenson was still at work between the cars. In behalf of the defendant the argument is made that Stephenson need not have gone between the rails—that he need not have placed himself between the bar on the

one side and the timber on the other; that he should himself have given a signal to hold the engine until he was through; that he had been warned of the dangers resulting from his employment, and from his method of performing his work, and knew of the risks involved. These were all matters for the consideration of the jury, and their verdict must be deemed to have resolved them against the contentions of the defendant.

A deposition in behalf of the plaintiff was introduced in evidence. The jury were afterwards instructed to disregard it. The contention is made that notwithstanding the instruction the defendant suffered prejudice from the jury having heard the testimony. Ordinarily an error in the admission of evidence is cured by its subsequent withdrawal. We find nothing in the circumstances of the present case to take it out of the general rule.

Complaint is made of the instructions refused and those given. We think that the general charge was a sufficient guide for the jury, especially in view of the answers which they returned to the specific questions submitted to them.

The petition alleged, and the jury found, that the defendant was negligent, in that the conductor, engineer and foreman was absent. The defendant argues with much force that the absence of these employees could not have been the proximate cause of the accident. The only apparent connection between their absence and the death of Stephenson is that if they had been present the disastrous results of the premature signal might have been prevented. For instance, in the absence of the engineer the fireman occupied his place. If the fireman had been upon his own side of the cab he might have discovered Stephenson's peril and have prevented the catastrophe. But the petition also alleged that the defendant was negligent in causing the train to be moved while Stephenson was working between the cars. The question whether Stephenson's fellow clampman

had received word from him before reporting that everything was in readiness was sharply presented by the evidence; and the jury found specifically that Stephenson had not reported himself as ready, and that his death was caused by the other clampman's negligence in signaling for the coupling while he was still between the cars, as well as by the absence of the conductor, engineer and foreman. There was abundant evidence that Stephenson was justified in believing that the coupling would not be made until he had unfastened the clamp, hung it upon the bar, and reported that he was through with the work. The vital question in the case was whether the other clampman negligently caused the signal to be passed for the engine to start, while Stephenson was in a place of danger. The jury answered this question in the affirmative, and their answer seems unaffected by any of the rulings complained of. The liability of the defendant appears, therefore, to have been established by the jury's determination of a disputed question of fact. It is true that the petition charged negligence upon the engineer, fireman, conductor, brakeman and foreman, alleging that it was their duty to see that the train was not moved while Stephenson was at work between the cars; and it made no mention of the clampman, who was found by the jury to have been directly at fault. But the fault was found to have been committed while he was engaged in duties of the same general character as those usually performed by brakemen, and it does not appear that a reference to him in the pleadings would have enabled the defendant to make any different presentation of the case, or that the failure to refer to him placed it at any disadvantage. We conclude that the real matter in controversy was fairly heard and decided, and that there is no occasion for a new trial.

The judgment is affirmed.

BENSON, J., not sitting.